

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-88,014-01

### EX PARTE ZACHARY WADE LENIUS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 2016CR0309-W1 IN THE 226TH DISTRICT COURT FROM BEXAR COUNTY

*Per curiam*.

**O R D E R**

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to sixty years' imprisonment.

Applicant contends in his sole claim that his retained trial counsel's representation deprived him of his right to a direct appeal. This Court has outlined the steps trial counsel must take to preserve a defendant's appellate rights as follows:

> Trial counsel's responsibilities consist of a two-step process. First, the attorney must ascertain whether the defendant wishes to appeal. The decision to appeal lies solely with the defendant.... If the defendant does not wish to appeal, trial counsel's

representation ends. If the defendant decides to appeal, the attorney must ensure that written notice of appeal is filed with the trial court. At this point, trial counsel has two options. He may sign the notice himself, in which case, he effectively "volunteers" to serve as appellate counsel. Alternatively, the defendant may file the notice *pro se*, which serves as "an indication that trial counsel 'does not wish to pursue his client's appeal.'" A "contemporaneous" presentation of the *pro se* notice with a motion to withdraw by trial counsel serves as actual notice to the trial court of the defendant's desire to appeal.

*Jones v. State*, 98 S.W.3d 700, 703 (Tex. Crim. App. 2003) (internal citations omitted).

Retained trial counsel, who never filed a motion to withdraw, has supplied an affidavit stating, in part, that after sentencing:

[Applicant] asked me if there was any chance of appeal. I again reminded him that I did not handle appeals but if he was contemplating an appeal, he needed to retain an appellate lawyer because we did not handle appeals. ... I did remind [Applicant] that if he wanted to appeal he had 30 days to file a notice of appeal. Not at that time, nor at any time thereafter, did [Applicant] ever indicate to me that he wished me to file notice of appeal.

Counsel does not indicate whether he told Applicant he could file the notice of appeal *pro se* or whether he informed Applicant, because counsel had not withdrawn from his representation, to contact him within 30 days to file a notice of appeal should Applicant desire to appeal.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999); *Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to explain what specific advice he gave Applicant regarding the filing of the notice of appeal. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant was denied his right to a meaningful appeal. *See Jones v. State*, *supra*. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: April 18, 2018
Do not publish